[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for a legal separation tried at the Judicial District of New Haven. Both parties are lifelong residents of the State of Connecticut. There was proper service, and the court finds that the allegations of the complaint have been proven, and that those allegations are true.
The parties were married on May 24, 1952. During the course of their marriage, they had five children who are all presently of the age of majority. At present, the children range in age from 33 to 42. The plaintiff, Dolores Franco, is 64 years of age. During the 47 years of the parties' marriage, she has been a homemaker. She raised the five children of the parties, and has maintained contact with them. She has lived in the jointly owned home of the parties for approximately 31 years. The parties enjoy 10 grandchildren. During the course of the marriage, the defendant Michael Franco, was employed at all times. For the most part, he worked as a Teamster. Mr. Franco was employed in the trucking industry for some 40 years. He was forced to retire at age 60, in 1992, upon his second heart attack. He presently suffers from emphysema, high blood pressure, hypertension, and is on a number of medications, including medications for his heart condition, blood pressure, and for his difficulty in breathing.
Neither the plaintiff nor the defendant have the ability to earn income at the present time, nor will they at any time in the future. The parties' assets include a jointly owned home in West Haven, Connecticut. That home is described as having a value of $126,000, by stipulation. There is no mortgage against that property. In addition, the parties have two automobiles of relatively minimal value, and some savings which total approximately $55,000. The husband has an IRA with People's Bank which is valued at $7,843. The parties have submitted a stipulation which indicates the defendant husband has a pension in pay status from the Teamsters which pays him $441 per week ($1911 per month), and that Mr. Franco receives $22.50 per week ($95.98 per month) from a disability pension. Mrs. Franco receives Social Security in the amount of $454.48 per month. Mr. CT Page 550 Franco's Teamster pension pays out during his lifetime, but does not pay to his wife in the event of his death. According to his testimony, that was an election that was made jointly by the parties upon his retirement, and in recognition of that election, the parties took the life insurance policies that are listed on Mr. Franco's financial affidavit.
Mrs. Franco describes Mr. Franco as being quite difficult and controlling. The parties had previously separated in 1997. An action had been filed at that time and subsequently withdrawn. The parties reunited in 1998 when Mr. Franco was hospitalized. Mrs. Franco received a call from St. Raphael's Hospital at that time, and based on his condition she allowed him to return to the home so that he could recover. That reconciliation lasted until approximately June of 1999. Mrs. Franco further describes an incident of violence which in part led to their present separation. Mr. Franco currently resides in Bella Vista.
After considering the relevant statutory criteria as well as the evidence presented, the court issues the following orders:
The parties are legally separated. The defendant shall convey to the plaintiff all of his right, title and interest in the property known as 36 Robin Road, West Haven, Connecticut. The plaintiff is to pay any and all expenses associated with that property, including but not limited to, real estate taxes and maintenance, except as provided herein. The plaintiff shall have ownership of her People's Bank savings account valued at $10,830.00 and she shall have ownership of the People's Bank checking account in the approximate amount of $750, both listed on her financial affidavit.
The defendant shall have sole and exclusive ownership of the People's Bank savings joint account listed with an amount of $20,580.86, and the two People's Bank joint CDs listed as having a value of $12,692.17, and $19,252.71, respectively. In addition, the defendant shall have ownership of his checking account in the amount of $2,817.69. The defendant shall continue the life insurance policies in effect, and shall maintain them payable to his wife, Dolores Franco. The defendant shall be the owner of those policies, including their cash value. He may borrow against those policies only to the extent necessary to maintain the premiums due and payable as to said policies. The defendant shall own any and all interest in the People's Bank IRA listed on his financial affidavit, and any and all interest in this pension CT Page 551 from the Teamsters which is in pay status.
The defendant shall pay the Real Estate Tax installment due on January, 2000. Thereafter, the plaintiff shall be responsible for all tax payments. Each party shall retain ownership of the automobile currently in their possession. Each party shall be responsible for the liabilities and weekly expenses as shown on their respective financial affidavits except as provided above. The defendant shall pay to the plaintiff as alimony the sum of $261.00 per week through September 30, 2000. Thereafter, the defendant shall pay the sum of $175.00 per week as alimony to the plaintiff. This order anticipates the plaintiff will qualify for Medicare Insurance benefits upon her 65th birthday. Said alimony shall terminate upon the death of either party.
Robaina, J.